UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| STATE OF VERMONT | ) | |
| | ) | Case No. 5:22-cv-00069-gwc |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOMINIC BOHNETT, | ) | |
| TELECOM CARRIER ACCESS, LLC | ) | |
| D/B/A TCA VOIP, AND TELECOM | ) | |
| CARRIER ACCESS, INC. D/B/A | ) | |
| TCA VOIP | ) | |
| Defendants. | ) | |

**TELECOM CARRIER ACCESS, LLC'S ANSWER COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Telecom Carrier Access, LLC d/b/a TCA VOIP, and Telecom Carrier Access, Inc. d/b/a TCA VOIP (collectively, "Defendant"), by and through counsel, Sheehey Furlong & Behm P.C., hereby answer Plaintiffs' Complaint as follows.

1. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. Defendant is without sufficient information to admit or deny, therefore, denied.

4. Defendant is without sufficient information to admit or deny, therefore, denied.

5. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

6. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

7. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

8. Admitted. Telecom Carrier Access, LLC was converted to Telecom Carrier Access, Inc. in 2015.

9. Admitted that Telecom Carrier Access, LLC was converted to Telecom Carrier Access, Inc. in 2015.

10. Admitted.

11. Admitted.

12. Denied.

13. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

14. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

15. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

16. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

17. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

18. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

19. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

20. Denied

21. Admitted that illegal calls are becoming more prevalent; TCA actively works to prevent such calls from being passed through its network.

22. Denied.

23. Defendant is without sufficient information to admit or deny, therefore, denied.

24. Defendant is without sufficient information to admit or deny, therefore, denied.

25. Defendant is without sufficient information to admit or deny, therefore, denied.

26. Defendant is without sufficient information to admit or deny, therefore, denied.

27. Defendant is without sufficient information to admit or deny, therefore, denied.

28. Defendant is without sufficient information to admit or deny, therefore, denied.

29. Defendant is without sufficient information to admit or deny, therefore, denied.

30. Defendant is without sufficient information to admit or deny, therefore, denied.

31. Denied

32. Denied.

33. Denied.

34. Admitted that entities like TCA charge upstream customers; denied that the process of connecting a call is as simple as portrayed.

35. Admitted that entities like TCA pay downstream customers; denied that the process of connecting a call is as simple as portrayed.

36. Denied.

37. Denied.

38. Denied.

39. Defendant is without sufficient information to admit or deny, therefore, denied.

40. Defendant is without sufficient information to admit or deny, therefore, denied.

41. Defendant is without sufficient information to admit or deny, therefore, denied.

42. Defendant is without sufficient information to admit or deny, therefore, denied.

43. Defendant is without sufficient information to admit or deny, therefore, denied.

44. Defendant is without sufficient information to admit or deny, therefore, denied.

45. Defendant is without sufficient information to admit or deny, therefore, denied.

46. Defendant is without sufficient information to admit or deny, therefore, denied.

47. Defendant is without sufficient information to admit or deny, therefore, denied.

48. Admitted.  TCA notes that ITG has no small VSP members and does not appeal willing to accept small VSPs as members.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted except that calls can go in and out of the United States on their way to a recipient.

55. Defendant is without sufficient information to admit or deny, therefore, denied.

56. Denied.

57. Defendant is without sufficient information to admit or deny, therefore, denied.

58. Defendant is without sufficient information to admit or deny, therefore, denied.

59. Defendant is without sufficient information to admit or deny, therefore, denied.

60. The document speaks for itself.

61. Admitted on information and belief.

62. Admitted on information and belief.

63. Denied that the DID was "false." Otherwise admitted on information and belief.

64. Admitted.

65. Admitted on information and belief

66. Defendant is without sufficient information to admit or deny, therefore, denied.

67. Admitted.

68. Denied that the DID was "false." Otherwise admitted on information and belief.

69. Admitted.

70. Admitted on information and belief

71. Defendant is without sufficient information to admit or deny, therefore, denied.

72. Admitted

73. Admitted on information and belief.

74. Denied

75. Defendant is without sufficient information to admit or deny, therefore, denied.

76. Defendant is without sufficient information to admit or deny, therefore, denied.

77. Defendant is without sufficient information to admit or deny, therefore, denied.

78. The Appendix speaks for itself; denied that TCA "facilitated government imposter robocalls campaigns."

79. The Appendix speaks for itself; denied that TCA "facilitated business imposter robocalls campaigns."

80. Admitted that TCA's upstream customers are as stated; denied that all of them are "foreign."

81. Admitted that this is what YouMail and ITG reported; Defendant is without sufficient information regarding YouMail's processes to admit or deny the accuracy of their reporting.

82. Defendant is without sufficient information to admit or deny, therefore, denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Admitted.

88. Admitted.

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Admitted that the meeting occurred.

94. Admitted that those calls occurred; denied that analysis showed they were fraudulent.

95. Denied.

96. Denied.

97. Defendant is without sufficient information to admit or deny, therefore, denied.

98. Denied.

99. Denied.

100. Denied; My Country Mobile has a domestic 499-A license from the FCC.

101. Denied.

102. Denied.

103. The notification speaks for itself.

104. Admitted that TCA responded and the response included the cited quotes, otherwise denied.

105. Admitted on information and belief.

106. Denied.

107. Denied.

108. Denied.

109. Admitted that TCA sent communications including the quoted language, otherwise denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Admitted that TCA has likely connected calls to every state in the United States.

117. Denied.

118. Denied.

119. Admitted that the State has sent communications to TCA; denied that its analysis is accurate.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## **COUNT I**

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

4. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

5. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

6. Denied.

## **COUNTS II-VIII**

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. Denied.

## COUNT IX

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

4. Denied.

## COUNT X

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. Denied.

## COUNT XI

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

4. Denied.

## COUNT XII

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

4. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

5. Denied.

## COUNT XIII

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. Denied.

## COUNT XIV

1. Defendant reincorporates its answers to paragraphs 1 to 125 in response to this allegation.

2. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

3. This allegation sets forth legal conclusions to which no response is required. To the extent that a response is required, denied.

4. Denied.

5. Denied.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses and reserve the right to plead additional affirmative defenses as discovery warrants.

1. Failure to state a claim upon which relief may be granted.
2. Selective prosecution.
3. Compliance with applicable industry guidance and orders.

### Prayer for Relief

Defendants respectfully request judgment in their favor, together with costs and such other relief the Court deems just.

Dated at Burlington, Vermont this 6th day of June 2022.

                                **TELECOM CARRIER ACCESS, LLC d/b/a TCA VOIP, and TELECOM CARRIER ACCESS, INC. d/b/a TCA VOIP**

By: */s/ Kevin A. Lumpkin*
Kevin A. Lumpkin, Esq.
Hannah C. Waite, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, P.O. Box 66
Burlington, VT 05402
(802) 864-9891
klumpkin@sheeheyvt.com
hwaite@sheeheyvt.com