UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT ) | |
| ) | Case No. 5:22-cv-00069-gwc |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| DOMINIC BOHNETT, ) | |
| TELECOM CARRIER ACCESS, LLC ) | |
| D/B/A TCA VOIP, AND TELECOM ) | |
| CARRIER ACCESS, INC. D/B/A ) | |
| TCA VOIP ) | |
| *Defendants.* ) | |

## MOTION TO DISMISS CLAIMS AGAINST DOMINIC BOHNETT

Defendant Dominic Bohnett, by and through counsel, moves to dismiss the claims against him under F.R.C.P. 12(b)(6) for the reasons stated below.

The Complaint alleges that Mr. Bohnett is liable for the actions of Defendants Telecom Carrier Access, LLC and Telecon Carrier Access, Inc. (together "TCA") under an "alter ego" theory of piercing the corporate veil.  The only paragraphs of the Complaint that mention Mr. Bohnett are as follows:

> 11. Defendant Dominic Bohnett is a resident of Santa Barbara, California. He is owner and operator of TCA VOIP.
>
> 12. Dominic Bohnett, for all allegations, purposes, actions and failure to act alleged herein, *is* TCA VOIP. Accordingly, all allegations herein involving TCA VOIP are likewise allegations regarding the conduct of Dominic Bohnett.
>
> 20.   This complaint alleges that Bohnett and TCA VOIP are alter egos. Dominic owns, manages and controls any and all significant operations of TCA VOIP. Accordingly, for purposes of this Complaint, "TCA VOIP" refers to both ' Dominic Bohnett and TCA VOIP.

(Complaint ¶¶ 11-12, 20.)   Under this Court's precedent, these allegations are insufficient to

state a claim against Mr. Bohnett.

The most instructive case is *Hoehl Fam. Found. v. Roberts*, No. 5:19-CV-229, 2020 WL 10790035 (D. Vt. Oct. 15, 2020).  There, Plaintiff sought to pierce the vail of Roberts Asset Management to reach its principal, Ronald L. Roberts.  There, as here, Plaintiff made only brief and conclusory allegations to support its veil-piercing theory.  This Court laid out the controlling law as follows:

> Vermont law recognizes that "[a] corporation is a legal entity distinct from its stockholders," *Jack C. Keir, Inc. v. Robinson & Keir P'ship*, 151 Vt. 358, 360, 560 A.2d 957, 958 (1989). But courts will "pierce the corporate veil" in cases "where recognition of corporate status would result in fraud or injustice." *Id.* at 360, 560 A.2d at 959. "In cases not involving fraudulent activity, the court will look to the facts and circumstances of each case to determine whether the corporate veil should be pierced in the interests of fairness, equity, and the public need." *Agway, Inc. v. Brooks*, 173 Vt. 259, 263, 790 A.2d 438, 441 (2001). Courts performing this fact-based analysis consider factors such as whether shareholders made personal use of corporate funds, whether the corporation is undercapitalized, and whether corporate formality has been entirely ignored. *Id.* (citing *In re Vt Toy Works, Inc.*, 135 B.R. 762, 770 (D. Vt. 1991)).
>
> Although veil-piercing is a fact-based analysis, courts have dismissed such claims under Rule 12(b)(6) in appropriate circumstances. See *Green v. Peacock*, No. 2008-232, 2008 WL 4906477, at * 1 (Vt. Nov. 2008) (mem.) (trial court granted motion to dismiss contractor personally from suit; contract was between homeowners and the company, and there was no basis to pierce the corporate veil); *see also Goldberg v. Dufour*, No. 2:17-cv-00061, 2020 WL 620899, at *11–12 (D. Vt. Feb. 10, 2020) (citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69–70 (2d Cir. 1996)) (conclusory allegations insufficient to prevent dismissal of veil-piercing claim). In *Goldberg*, for example, the pleading offered "no facts to hold SSVR responsible for the acts of JPM solely on the basis of JPM's status as its wholly owned subsidiary." *Goldberg*, 2020 WL 620899, at *12.

*Id.* at *33.

Here, the State does not allege that Mr. Bohnett "made personal use of corporate funds," that "the corporation is undercapitalized," or that "corporate formality has been entirely ignored."  Rather, the State <u>only</u> alleges that Mr. Bohnett is the primary owner and manager of TCA.  That is not enough.  Indeed, this Court recognized in *Hoehl* that "lack of corporate formality [is] unlikely to be a sufficient basis for piercing the corporate veil of the closely-held

corporation." *Id.* at \*34 (citing *Agway*, 173 Vt. at 264, 790 A.2d at 442).

In *Hoehl*, Plaintiff made much more of an attempt to show that Roberts Asset Management was an alter ego for its principal, alleging that the entity ignored corporate formalities and providing examples of the same. But the Court held that was insufficient and dismissed the claim. *Id.* at \*33.

In response, the State may argue that because it alleges TCA was involved in facilitating fraudulent calls from its upstream customers, it has free reign to pierce the corporate veil. Not so. The *Hoehl* case involved many allegations of fraud, and this Court held they were not enough to pierce the corporate veil on their own: "It is true that the claims in *Agway* and this case both include claims that a corporation was used for wrongdoing—in *Agway* it was to evade contract liability, and in this case it is allegedly to conceal misconduct and benefit Mr. Roberts. But that alone is insufficient for veil-piercing; the Foundation also needs to allege facts supporting disregard of the corporate identity." *Id.* at \* 34.

Here, the State alleges even less than the Plaintiff did in *Hoehl*. Under the authorities cited in *Hoehl*, the Court should dismiss the claims against Mr. Bohnett.

Law from other jurisdictions is in accord. *See*, *e.g. Village Press, Inc. v. Stephen Edward Co., Inc.*, 416 A.2d 1373, 1375 (N.H. 1980) ("[P]iercing the corporate veil is not permitted solely because a corporation is a one-man operation"); *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 11449 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."); *Barba v. Seung Heun Lee*, No. CV 09-1115, 2009 WL 8747368, at \*4 (D. Ariz. Nov. 4, 2009) ("In alleging alter ego liability under the pleading standard of Rule 8(a), the plaintiff must do more that make conclusory statements regarding an alter ego relationship

3

between individual and corporate defendants; the plaintiff must allege specific facts supporting application of the alter ego doctrine.").

For these reasons, the Court should dismiss the claims against Mr. Bohnett under F.R.C.P. 12(b)(6).

Dated at Burlington, Vermont this 6th day of June, 2022.

**DOMINIC BOHNETT**

By: */s/ Kevin A. Lumpkin*
Kevin A. Lumpkin, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
klumpkin@sheeheyvt.com