UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| State of Vermont,<br>*Plaintiff*<br>           v.<br>Dominic Bohnett,<br>Telecom Carrier Access, LLC d/b/a TCA VOIP, and Telecom Carrier Access, Inc. d/b/a TCA VOIP,<br>*Defendants* | Civil Action No. 5:22-CV-69 |

## STIPULATED JUDGMENT

To resolve allegations in the First Amended Complaint filed in the above-captioned matter, Plaintiff State of Vermont (hereafter the "State") and Defendants Domenic Bohnett, Telecom Carrier Access, LLC d/b/a TCA VOIP, and Telecom Carrier Access, Inc. d/b/a TCA VOIP (hereafter "Defendants") stipulate and agree to the following final judgment for entry in this matter:

### BACKGROUND

1.  The Court has jurisdiction over this matter.

2.  Defendant Telecom Carrier Access, LLC d/b/a TCA VOIP is a California Limited Liability Company with a principal place of business at 3463 State St., Suite 520, Santa Barbara, CA, 93105.

3.  Defendant Telecom Carrier Access, Inc. d/b/a TCA VOIP is a California Corporation with a principal place of business at 3463 State St., Suite 520, Santa Barbara, CA 93105.

4. Defendant Dominic Bohnett is a resident of Santa Barbara, California, and a co-owner with his wife, and the sole operator of TCA VOIP.

5. TCA VOIP is a voice service provider ("VSP") that utilizes Voice-over-Internet-Protocol ("VOIP") technology to relay telephone calls from its upstream customers (including other VSPs) to downstream carriers (including through other VSPs).

6. Under the authority of the Federal Communications Commission, U.S. Telecom - The Broadband Association's Industry Traceback Group ("ITG") conducts tracebacks of illegal robocalls. In conducting tracebacks, ITG notifies each VSP responsible for transiting the call in question about certain information regarding the call, including: the date and time the call occurred, the calling and called telephone numbers, and the reported substance of the call. Generally, ITG provides each such VSP with an audio recording of the call in question, as well.

7. Scammers do not send robocalls manually one by one. Rather, they use robocall technology in order to send fraudulent or otherwise illegal robocalls by the thousands concurrently and/or in immediate succession. Thus, when ITG notifies a VSP that the VSP facilitated one fraudulent or illegal robocall from an upstream customer, the VSP has reason to believe that facilitated thousands of similar calls—*i.e.,* all or part of the given illegal robocall campaign.

8. During the period of investigation, on weekdays, Dominic Bohnett and TCA VOIP typically attempted between 15 and 115 million robocalls, and successfully completed between 4 million to 11 million robocalls per day.

9. Between August 1, 2020 and February 22, 2022, ITG notified TCA VOIP on 132 separate occasions that TCA VOIP had transited fraudulent and otherwise illegal robocalls, including government and business imposter fraud. TCA VOIP provided the requested upstream customer information to ITG for further analysis and inquiry.

10. ITG traces back only a tiny fraction of the estimated one billion illegal robocalls a month, focusing on fraud robocall "campaigns" that it prioritizes, such as government and business imposter fraud. One of the most reliable authorities, YouMail, estimates that the U.S. has about 4 billion robocalls per month. YouMail estimates that about 25% or more of these calls are attempted scams. The calls traced by ITG are representative of the millions of fraudulent calls made in a particular campaign.

11. In 81 of the 132 tracebacks in question, Dominic Bohnett and TCA VOIP facilitated the following government imposter robocall campaigns, as identified by ITG with the ITG Campaign Name denominating the fraud:

| ITG Campaign Name | Tracebacks to TCA VOIP |
|---|---|
| CBP-GovtImpers | 4 |
| CBP-GovtImpers-P2 | 2 |
| DHS-GovImpers | 1 |
| Employment-EduMatch | 1 |
| FedReserv-Impers | 2 |
| GovSpoofing-P2 | 1 |
| LegalDept-Action | 4 |
| LegalDept-Action-P1 | 1 |
| Legal-Enforcement-Notice | 1 |
| LegalNotice-Identity | 1 |
| Medicare-Ineligible | 1 |
| Refund-CoronaFraud | 4 |
| Social Security Disability Consultant | 1 |
| SSA-CalltheSSA | 2 |
| SSA-CrimeandInvestigationDept VT | 1 |
| SSA-CrimeInvestigation | 1 |
| SSA-GiftCardLive | 1 |
| SSA-KindlyPressOne | 2 |
| SSA-LegalNotice | 3 |
| SSA-P1-BenefitsCanceled (GovtImpers) | 8 |
| SSA-P1-TexasFraud (GovtImpers) | 11 |
| SSA-RegretToInform | 2 |
| SSA-Various-P3(GovtImpers) | 1 |
| SSA-VT | 2 |
| StudentLoan-FederalSuspension | 1 |
| TestCall-StaySafeStayHome | 20 |
| TestCall-StaySafeStayHome-MD | 1 |
| USTreas-SSA-EnforceAction (GovtImpers) | 1 |
| **Total** | **81** |

12.  In 51 of the 132 tracebacks in question, TCA VOIP facilitated the following business imposter fraud campaigns, as identified by ITG, with the name denominating the fraud:

| ITG Campaign Name | Tracebacks to TCA VOIP |
|---|---|
| Amazon-AuthorizeOrder | 10 |
| Amazon-SuspiciousCharge | 1 |
| Amazon-SuspiciousCharge-P | 11 |
| Apple-iCloud-AccountBreached | 7 |
| AutoWarranty-Extend2 | 2 |
| BizListing-VerifiedByGoogle | 1 |
| BofA-Chinese Voice Department | 1 |
| CCIRR-P1FinancialImpers | 1 |
| CCIRR-VisaAlert | 5 |
| Debt Reduction-Account Holder Impersonation | 3 |
| Hotel-ComplimentaryStay | 1 |
| Spoof-12/21/20 | 1 |
| Travel Scam-2 | 4 |
| Utility-30MinDisconnect | 9 |
| Utility-Discount | 1 |
| Utility-ElectricRebateCheck-P1 | 2 |
| Utility-Rate Reduction | 1 |
| **Total** | **51** |

13. The foregoing fraudulent and otherwise illegal robocall campaigns came to residents of Vermont.

14. Dominic Bohnett and TCA VOIP admit that a true and accurate reporting of the foregoing campaigns, including links to voice recordings of most campaigns, is attached as the Appendix to the First Amended Complaint filed in this matter.

15. Of note, Dominic Bohnett and TCA VOIP received 87 of these 132 traced illegal robocalls from their customer My Country Mobile, and 21 of these 132 traced illegal robocalls from their customer Shayona Global.

16. Further, Dominic Bohnett and TCA VOIP are capable of analyzing their own call detail records ("CDRs") in near real-time, particularly when fraudulent CallerIDs are used, and to get alerted of likely fraudulent content within 5 minutes or less.  Information immediately available to Dominic Bohnett and TCA VOIP to review from their own call detail records regarding the calls that they are transiting include: the date and time a call occurred, the customer sending the call, the CallerID displayed, and called telephone numbers, whether the call was answered, and the duration of the call.  These data can be indicative of fraudulent activity and prompt further investigation.

17. By reviewing its CDRs, Dominic Bohnett and TCA VOIP are capable of identifying in real-time when an illegal robocall campaign is likely occurring.  To determine definitively that the content is illegal, additional commercial content-based capabilities are available.

18. Between January 1, 2020 and February 22, 2022, despite (a) Dominic Bohnett and TCA VOIP's repeat notice from ITG that they were transiting illegal robocall campaigns from its customers My Country Mobile and Shayona Global (among others), (b) ability to review its CDRs in real-time to spot and address potential illegal robocall campaigns, and (c) ability to terminate customers for routinely transiting illegal robocall campaigns, Dominic Bohnett and TCA VOIP continued to accept and relay illegal call traffic from My Country Mobile and Shayona Global (among other customers) with little abatement.

19. During this time period, the State of Vermont and Social Security Administration's Office of Inspector General likewise placed Dominic Bohnett and TCA VOIP on notice that they were routinely facilitating fraudulent and otherwise illegal robocalls, but Dominic Bohnett and TCA VOIP continued to accept and relay call traffic from My Country Mobile and Shayona Global (among other customers) as described.

20. Dominic Bohnett and TCA VOIP could have prevented fraudulent and otherwise illegal robocall campaigns from reaching Vermont and other states by terminating service for their customers known to be repeatedly sending fraudulent and otherwise illegal calls, by reviewing basic call analytics and by other industry call-monitoring mechanisms.

21. Dominic Bohnett and TCA VOIP admit to the facts set out in paragraphs 1 through 20 above.

22. Thus, the State alleges that, at least between August 1, 2020 and February 22, 2022, Dominic Bohnett TCA VOIP knew, should have known, and/or consciously disregarded knowing that they were facilitating fraudulent and otherwise illegal robocalls campaigns consisting of many thousands or millions of fraudulent and otherwise illegal robocalls from My Country Mobile and Shayona Global, among other customers, to consumers within Vermont and throughout the United States.

## SETTLEMENT TERMS

23. To resolve this matter, the State and Defendants agree to the following settlement terms, and the Court so orders:

    a. Dominic Bohnett and TCA VOIP shall comply with the Vermont Consumer Protection Act (9 V.S.A., Chapter 63), Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C., Chapter 87), Telemarketing Sales Rule (16 C.F.R. Part 310), Telephone Consumer Protection Act (47 U.S.C. § 227), and all provisions of this Stipulated Judgment.

    b. The terms of this Stipulated Judgment shall apply to Dominic Bohnett, TCA VOIP, its successors and assigns for a period of six years from the date of signing.

    c. Within five (5) business days of the Court's approval and issuance of this Stipulated Judgment, Dominic Bohnett and TCA VOIP shall pay a combined total of $125,000 to the State of Vermont and the Social Security Administration by wired bank transfer (subject to adjustment and allocation between these agencies pursuant to paragraph 266 below).

    d. At the time of the payment in subparagraph 23(c), above, Dominic Bohnett and TCA VOIP will immediately cease and desist acting as

    VSPs, including as Voice-over-Internet-Protocol (VOIP) service providers.

e. TCA VOIP shall immediately cease all business in the transmission of VOIP interconnect traffic and represents that it has already done so. TCA VOIP will move with all due haste to wind up and/or dissolve its business by December 31, 2022, by liquidating any and all of its assets via dissolution, bankruptcy, or similar method. TCA VOIP shall provide a full written report to the State of Vermont reflecting the same by January 31, 2023, which report shall include, among other things, details regarding disposition of TCA VOIP's assets, liabilities, and obligations, including full identification and details as to all transferees. The Parties acknowledge that the deadlines set forth in this subparagraph may not be achievable and will agree to any reasonable extension required pursuant to the applicable requirements of California law. Dominic Bohnett and TCA VOIP agree that the obligations in this Agreement may not be avoided by the filing of bankruptcy.

f. Except for the fulfillment of Subsection 23(e) above, Dominic Bohnett further agrees to refrain from engaging in any business, whether as an officer, director, associate, owner, equity holder, shareholder, controlling person, representative, employee, advisor, contractor, agent, consultant, or sole proprietor, that provides or

offers VSP services, including VOIP services (*i.e.,* the resale or offering of voice over internet protocol, VOIP, telephony services, the resale or licensing of telephone numbers, or any other telecommunications services, VSP services, or information services).

g. Notwithstanding 23(f) above, Dominic Bohnett may pursue future employment in VSP or VOIP services, but he shall not become a sole owner or majority owner, officer, director, associate owner, equity holder, shareholder, or controlling person of any business or enterprise that provides VSP or VOIP services, including indirectly. This paragraph 23 with its subparts shall not, however, prevent Mr. Bohnett from acquiring shares in a company as part of his compensation provided that his shares do not represent more than 5% ownership of the company and he reports such compensation as required in Appendix A.  This paragraph 23 with its subparts shall also not prevent Mr. Bohnett from investing in publicly traded businesses or enterprises that provide VSP or VOIP services where he has no relationship with those entities other than as an investor. For the purposes of this subparagraph, Mr. Bohnett agrees that the ownership interests of his spouse and/or immediate family members—including entities or trusts owned or controlled by them—shall be considered as his own.

24. Appendix A is incorporated into and made a part of this judgment. Mr. Bohnett agrees to abide by these ongoing obligations.

25. In connection with the winding up and/or dissolution of TCA VOIP, Dominic Bohnett and TCA VOIP shall provide a copy of this Stipulated Judgment to any prospective purchasers of any customer of TCA VOIP, and retain a signature acknowledging receipt.

26. Based on Dominic Bohnett and TCA VOIP's demonstrated inability to pay and their agreement for the cessation of all VoIP interconnect services, Respondent's obligation to make a payment to the State of Vermont pursuant to subparagraph 23.c is suspended and reduced as follows and subject to the conditions set forth below:

   a. Within five (5) days of executing this Stipulated Judgment, Dominic Bohnett and TCA VOIP shall pay a total of $75,000 to the State of Vermont and Social Security Administration by wire bank transfer.

   b. The total amount set forth in subparagraph 23.c is further reduced by $25,000 (to $50,000) in consideration of the fact that Dominic Bohnett and TCA VOIP hereby convey all right, title and interest in all call detail records produced during the investigation and prosecution of this matter to the State of Vermont and agree, without reservation, to permit to the State of Vermont to use such call detail records without restriction. Dominic Bohnett and TCA VOIP further waive any claim of confidentiality to the same. It is

     the intention of the State of Vermont to use such records to inform other law enforcement agencies, industry actors, and the public as to the character of robocalls involved in this investigation and the robocall landscape generally.

  c. The $50,000 provided in paragraph 26(c) shall be allocated $37,500 to the State of Vermont and $12,500 to the Social Security Administration.

  d. If the U.S. District Court of Vermont subsequently enters an order, following submissions by the parties, that Dominic Bohnett or TCA VOIP has materially violated this Stipulated Judgment resulting in at least one illegal robocall to an individual within the State of Vermont, without limitation to other remedies, Respondents shall pay the balance of $50,000 (set forth in paragraph 23.c) by wire to the State of Vermont within seven (7) days of the order's entry, unless otherwise agreed to by the parties.

## OTHER TERMS OF RELIEF

27. Nothing in this Stipulation in any way affects Defendants' other obligations under federal, state, or local law.

28. This Stipulated Judgment is binding upon the parties. Dominic Bohnett and TCA VOIP further agree that this Stipulated Judgment is binding upon current and subsequent owners, successors, and assigns.

29. The parties waive all rights to appeal or contest this Stipulated Judgment in this or future proceedings, and the parties shall bear their own costs.

30. The State hereby releases Dominic Bohnett and TCA VOIP from any and all claims that it may have against Dominic Bohnett and/or TCA VOIP for the conduct alleged in the First Amended Complaint, up to the date of the execution of this Stipulated Judgment. Specifically reserved and excluded from the release are the following:

   a. Any criminal liability Dominic Bohnett and/or TCA VOIP have or may have to the State of Vermont;

   b. Any civil or administrative liability that Dominic Bohnett and/or TCA VOIP have or may have to the State of Vermont not expressly covered by the release in this paragraph including, but not limited to, any and all of the following claims:

      i. state or federal antitrust violations;
      ii. claims arising under state tax laws;
      iii. claims arising from any actionable conduct not now known to the State;
      iv. Medicaid claims, including but not limited to Medicaid fraud or abuse acknowledging that this is not intended to allow the State to pursue claims against Defendants for telephone calls made prior to the execution of this Agreement that may have impersonated Medicaid or another government agency;
      v. state false claims violations;
      vi. claims to enforce the terms and conditions of this Judgment; and
      vii. any claims individual consumers have or may have under above-cited Vermont CPA against any person or entity, including the Releasees.

31. Dominic Bohnett and TCA VOIP will reasonably cooperate with the State in any subsequent investigation or litigation involving suspected violations of Vermont law arising from use of telecommunications networks in which they may be involved.

## NOTICE

1. Any notice to the State of Vermont herein shall be to the Vermont Office of Attorney General, 109 State Street, Montpelier, Vermont 05609 with a copy to ted.hobson@vermont.gov, ago.robo@vermont.gov and Jamie.renner@vermont.gov.  These addresses may be changed by written notice to Dominic Bohnett and TCA VOIP.

2. Once entered as an order of this Court, this Stipulated Judgment shall become effective as the Final Judgment Order in this matter.

Dominic Bohnett and TCA VOIP acknowledges receipt of and voluntarily agree to the terms of this Stipulated Judgment:

DATED at Santa Barbara, California, this 29th day of November, 2022

*Dominic Bohnett*
Dominic Bohnett
For himself, and as Authorized Agent of
Telecom Carrier Access, LLC d/b/a TCA
VOIP and Telecom Carrier Access, Inc. d/b/a
TCA VOIP

Approved as to form:

*Kevin Lumpkin*
Kevin Lumpkin, Esq.
Hannah Waite, Esq.
Sheehey Furlong & Behm P.C.
Attorney for Dominic Bohnett and Telecom
Carrier Access, LLC d/b/a TCA VOIP and
Telecom Carrier Access, Inc. d/b/a TCA VOIP

ACCEPTED on behalf of Plaintiff State of Vermont:

DATED at Montpelier, Vermont this 29th day of November, 2022.

STATE OF VERMONT
SUSANNE R. YOUNG
ATTORNEY GENERAL

By: _____
Edwin L. Hobson
Jamie Renner
*Assistant Attorneys General*
Office of Attorney General
109 State Street
Montpelier, Vermont 05609
ted.hobson@vermont.gov
(802) 828-3171

SO ORDERED.

        DATED at _____, Vermont, in the District of Vermont, this \_\_ day of

_____, 2022.

                                            _____

                                            Hon. Geoffrey W. Crawford, Chief Judge
                                            U.S. District Court

Appendix A – Reporting Requirements

## Appendix A – Reporting Requirements

For a period of 48 months after the entry of the Stipulated Order, Dominic Bohnett shall report to the Office of Attorney General by reports at the end of each quarter by the fifteenth of the following month:

a. The identity of every employer or other source of income, direct or indirect, including by investment in private companies engaging in voice services and/or voice-over-Internet-protocol, as well as the employer or other source of income's address and Employer Identification Number (EIN); and

b. A sworn attestation under the pains and penalties of perjury as to whether or not Mr. Bohnett is working in any capacity, directly or indirectly, in the facilitation of voice calls over the Internet.

# 00490694

Final Audit Report 2022-11-29

| | |
|---|---|
| Created: | 2022-11-29 |
| By: | Kevin Lumpkin (klumpkin@sheeheyvt.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1JWMHU1mt6z_DxpyJqCeu1PjwNS-zk_6 |

## "00490694" History

- Document created by Kevin Lumpkin (klumpkin@sheeheyvt.com)
  2022-11-29 - 1:50:06 PM GMT- IP address: 68.66.137.60

- Document emailed to Ted Hobson (ted.hobson@vermont.gov) for signature
  2022-11-29 - 1:51:33 PM GMT

- Email viewed by Ted Hobson (ted.hobson@vermont.gov)
  2022-11-29 - 2:38:36 PM GMT- IP address: 159.105.180.80

- Document e-signed by Ted Hobson (ted.hobson@vermont.gov)
  Signature Date: 2022-11-29 - 3:18:14 PM GMT - Time Source: server- IP address: 159.105.180.80

- Document emailed to Dominic Bohnett (dominic.bohnett@gmail.com) for signature
  2022-11-29 - 3:18:15 PM GMT

- Document e-signed by Dominic Bohnett (dominic.bohnett@gmail.com)
  Signature Date: 2022-11-29 - 5:32:06 PM GMT - Time Source: server- IP address: 184.187.161.102

- Document emailed to Kevin Lumpkin (klumpkin@sheeheyvt.com) for signature
  2022-11-29 - 5:32:07 PM GMT

- Email viewed by Kevin Lumpkin (klumpkin@sheeheyvt.com)
  2022-11-29 - 5:32:32 PM GMT- IP address: 154.36.111.115

- Document e-signed by Kevin Lumpkin (klumpkin@sheeheyvt.com)
  Signature Date: 2022-11-29 - 5:34:26 PM GMT - Time Source: server- IP address: 204.13.46.204

- Agreement completed.
  2022-11-29 - 5:34:26 PM GMT

Adobe Acrobat Sign